CORNELIA CRANFORD KNOTT v. ROBERT NATHAN WINFRED KNOTT

No. 8019DC859

(Filed 16 June 1981)

1. **Divorce and Alimony § 16.8— dependent spouse—comparison of expenses and income**

    There was no merit to defendant's contention that the trial court erred in finding plaintiff to be a dependent spouse and in awarding alimony because the evidence showed that plaintiff's income exceeded her expenses, since a mere comparison of plaintiff's expenses and income would be an improperly shallow analysis, and the record was sufficient to support a finding that plaintiff was without means to maintain her accustomed standard of living and thus qualified as a dependent spouse within the meaning of G.S. 50-16.1(3).

2. **Divorce and Alimony § 16.9— sale of marital home—division of proceeds not supported by evidence**

    Where the trial court ordered defendant to pay permanent alimony, the court erred in ordering an unequal division of the net proceeds from the voluntary sale of the home owned by the parties as tenants by the entirety, though evidence introduced by plaintiff tended to show that she made the $10,000 down payment on the house, that defendant did not make any contribution, that the monthly house payment was $670 per month, and that plaintiff always paid $557 of the monthly house payment, since there were no findings of fact or conclusions of law in the judgment which would support an unequal division of the proceeds from the sale of the home; the only finding of fact with regard to the amount of alimony stated that plaintiff wife was in need of and defendant was able to pay $200 per month alimony; and there were no findings of fact or conclusions regarding a property settlement.

3. **Divorce and Alimony § 16.9— alimony award—lump sum amount—insufficiency of findings**

    The trial court erred in granting plaintiff permanent alimony in the lump sum of $4600, which represented the amount of a joint obligation of the parties to a bank, and the lump sum amount of $218, which represented the amount of plaintiff's dental bill, since the awards were not supported by findings of fact or conclusions of law but were in fact contradicted by them.

4. **Divorce and Alimony § 18.16— counsel fees—award proper**

    The trial court did not err in awarding counsel fees to plaintiff where the trial court properly found her to be a dependent spouse, and it was clear from the evidence that plaintiff would have been entitled to alimony pendente lite and, that as a result, counsel fees were properly awarded to her.

5. **Divorce and Alimony § 24.1— child support—determination of amount**

    The trial court did not err in ordering defendant to pay $550 per month for the support and maintenance of the parties' two children, as well as the children's medical and dental expenses, since plaintiff introduced competent evidence which tended to show that she had monthly expenses of $1,628.66,

$591.66 of which was attributable to herself, thus implicitly establishing the children's expenses at $1,037 per month; defendant's expenses were established pretty much as he testified; and the court found and concluded that defendant could pay $550 per month child support, and that plaintiff was entitled to an award for that amount.

APPEAL by defendant from *Grant, Judge.* Judgment entered 21 March 1980 in District Court, RANDOLPH County. Heard in the Court of Appeals 30 March 1981.

The parties were married in 1970. Defendant husband was a widower with two children. To the union of the parties, two children were born. The parties separated in 1979.

In her complaint, wife alleged that defendant husband deserted her on 20 May 1979. Wife further alleged indignities and that husband had failed to support her and the parties' children in the manner of which he was capable. Wife prayed, among other things, for reasonable subsistence for her and the two children pending trial, alimony without divorce, counsel fees, custody of and support for the parties' two children and possession of the parties' home.

The matter was tried on the merits and, at the conclusion of the evidence, the trial court ruled in wife's favor. The trial court found wife to be a dependent spouse and, as permanent alimony, awarded her $200 per month. From the sale of the parties' home $16,306.76 of the $24,306.76 net proceeds was awarded to wife as permanent alimony and, as further alimony, husband was ordered to pay two joint promissory notes and wife's outstanding dental bill. In addition, the trial court ordered defendant to pay $550 per month child support for the parties' two children, as well as all of the children's medical and dental bills. Husband was also ordered to pay $1,200 in attorney fees to wife's attorneys. Defendant appealed from the judgment.

*Miller & Miller, by Michael C. Miller, for plaintiff appellee.*

*Bell & Brown, by Deane F. Bell; and Tate & Bretzmann, by C. Richard Tate, Jr., for defendant appellant.*

HILL, Judge.

[1]   In his first assignment of error, defendant husband argues that where the evidence shows that wife's income exceeds her ex-

penses, the trial court erred in finding wife to be a dependent spouse and awarding alimony. Husband's argument is without merit.

G.S. 50-16.2 provides that only a "dependent spouse" is entitled to alimony when one of the enumerated grounds in that statute is present. In the case *sub judice*, the trial court found that defendant husband abandoned plaintiff wife. Husband excepted to the finding, but has not brought forth his exception on appeal. The crucial question becomes then whether plaintiff wife is a "dependent spouse."

G.S. 50-16.1(3) states that a spouse is dependent when either he or she is "*actually substantially dependent* upon the other spouse for his or her *maintenance and support* or is *substantially in need* of maintenance and support from the other spouse." (Emphasis added.) Defendant husband argues that because wife has a monthly income of $850 and expenses of only approximately $600 per month she is not dependent. Defendant's argument is without merit.

The Supreme Court in *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980), supplies a detailed analysis of the definition of a dependent spouse. The first phrase of G.S. 50-16.1(3) defines a "dependent spouse" as one who is *actually substantially dependent* upon the other spouse for *maintenance and support*. The Court held that the term "actually substantially dependent"

> implies that the spouse seeking alimony must have actual dependence on the other *in order to maintain the standard of living in the manner to which that spouse became accustomed during the last several years prior to separation. Id.* at p. 180.

In order to qualify as a dependent spouse under the first phrase of the statute, plaintiff wife must show that she is "actually without means of providing for . . . her accustomed standard of living." *Id.*

The Court went on to find that the phrase "maintenance and support" "clearly means more than a level of mere economic survival." *Id.*, at p. 181. The phrase "contemplates the economic standard established by the marital partnership" during the years the marriage was intact. "It anticipates that alimony, to the ex-

tent it can possibly do so, shall sustain that standard of living for the dependent spouse to which the parties together became accustomed." *Id.*

The second phrase of G.S. 50-16.1(3) defines a "dependent spouse" as one who is *substantially in need of* maintenance and support. The determination that a plaintiff wife is dependent under this second phrase requires only that plaintiff establish that she would be unable to maintain her accustomed standard of living, established prior to separation, without financial contribution from defendant husband. *Id.*, p. 181-82.

It is clear then that a mere comparison of plaintiff's expenses and income is an improperly shallow analysis. Instead, we use the analysis set forth in *Williams* in order to determine whether plaintiff is a dependent spouse. Using that analysis, we have reviewed the record and find that plaintiff is without means to maintain her accustomed standard of living and thus qualifies as a dependent spouse under the phrase "actually substantially dependent." *Williams*, at p. 183. *Also see* G.S. 50-16.1(3). Defendant's first assignment of error is without merit and overruled.

Defendant argues in his second assignment of error that in ordering him to pay permanent alimony, the trial court erred in ordering an unequal division of the net proceeds from the voluntary sale of the home owned by the parties as tenants by the entirety and by ordering defendant husband to pay two joint promissory notes and plaintiff wife's dental bill.

[2] We first address the division of proceeds from the sale of the marital home. In paragraph 3(b) of the trial court's award, the court ordered defendant husband to transfer to plaintiff wife all of his interest in the net proceeds from the sale of the home owned by the parties as tenants by the entirety, with the exception of $8,000. The parties stipulated that their home had indeed been sold and that $24,306.76 was available for distribution. Evidence introduced by plaintiff wife *tends* to show that she made the $10,000 down payment on the house; that defendant did not make any contribution that the monthly house payment was $670 per month; and that plaintiff wife has always paid $557 of the monthly house payment.

There are, however, no findings of fact or conclusions of law in the judgment which would support an unequal division of the

proceeds from the sale of the home. The only finding of fact *with regard to the amount of alimony* states that plaintiff wife is in need of, and the defendant is able to pay, $200 per month alimony. There are no findings of fact or conclusions regarding a property settlement although the evidence and pleadings could support such findings and conclusions. Consequently, we remand the case to the trial court for appropriate findings of fact on this point.

[3] We next address defendant's exception to that portion of the trial court's award granting plaintiff wife permanent alimony in the lump sum amount of $4,600. Finding of Fact (6) states that the parties have a joint obligation to the First National Bank in the amount of $4,600. Defendant's evidence that the obligation was incurred for the payment of *family* expenses supports the finding. There are, however, no findings of fact or conclusions of law that would support payment of the $4,600 as permanent alimony. In fact, the trial court's conclusion that $200 per month is "fair and just to both parties at this time" contradicts his award of $4,600 as alimony.

There is evidence that could support findings of fact and conclusions that defendant is responsible for the $4,600 consistent with his duty to support his family. Consequently, we remand the case to the trial court for appropriate findings on this point. *See In re Burrus*, 275 N.C. 517, 535, 169 S.E. 2d 879 (1969); *James v. Pretlow*, 242 N.C. 102, 86 S.E. 2d 759 (1955).

Finally, we address defendant's exception to that portion of the trial court's order granting permanent alimony in the lump sum amount of $218 as payment of plaintiff's dental bill. The award is not supported by the findings of fact or conclusions of law and is in fact contradicted by them. Finding of Fact (6) does support an award to plaintiff, however, on the basis of defendant's duty to support her, and we remand the case on this point with the direction that the award be classified as a reimbursement of expenses rather than as alimony.

**[4]** In his third assignment of error, defendant argues that the trial court erred in awarding counsel fees to the wife. Defendant's assignment of error is without merit and overruled.

The clear and unambiguous language of G.S. 50-16.3 and G.S. 50-16.4 provide as prerequisites for determination of an award of counsel fees that the spouse requesting the award be dependent, entitled to the relief demanded and have insufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof. *Rickert v. Rickert*, 282 N.C. 373, 193 S.E. 2d 79 (1972); *Therrell v. Therrell*, 19 N.C. App. 321, 198 S.E. 2d 776 (1973). We have already stated that the trial court did not err in finding plaintiff to be a dependent spouse. Clearly, defendant was entitled to that which she sought in her complaint.

The only issue that has not been answered is whether plaintiff had insufficient means whereon to subsist *during* the prosecution of the suit *and* to defray the necessary expenses thereof. The findings of fact, which are supported by competent evidence, show that during the prosecution of the suit plaintiff spent $1,628.66 each month to support herself and the parties' two children. Furthermore, plaintiff incurred an obligation to her attorneys of over $1,200. Plaintiff's income during the prosecution of the suit was $850 per month, and there is evidence that she received $200 per month from defendant during the prosecution of the suit. From these facts, we find it to be clear that plaintiff would have been entitled to alimony pendente lite and, that as a result, counsel fees were properly awarded to her.

**[5]** In his final assignment of error, defendant argues that the portion of the trial court's judgment ordering him to pay $550 per month for the support and maintenance of the parties' two children, as well as the children's medical and dental expenses, is not supported by competent evidence of the children's needs, sufficient findings of fact, or sufficient conclusions of law. Defendant's assignment of error is without merit and overruled.

Plaintiff introduced competent evidence which tended to show that she had monthly expenses of $1,628.66. Of those expenses $1,037 was attributable to the parties' children and classified into such categories as food, clothing, medical and dental expenses, educational expenses, rent, heat and water. Finding

of Fact (7) establishes plaintiff's expenses as $1,628.66 per month, $591.66 of which is attributable to herself, thus implicitly establishing the children's expenses at $1,037 per month. The trial court goes on in its findings of fact to establish defendant's expenses pretty much as he testified; to find and conclude that defendant can pay $550 per month child support; and to conclude that plaintiff is entitled to an award for that amount. The evidence, findings of fact, and conclusions of law are clearly sufficient to support the trial court's award for the support and maintenance of the children.

For the reasons stated above in our discussion of defendant's second assignment of error, the case must be remanded in order that the trial court might strike paragraphs (3)(b) and (c) of its award. The court is instructed to dispose of the items mentioned in those subsections in a manner consistent with this opinion.

Affirmed in part and remanded.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.