JOHN R. BEAMAN v. HOPE S. BEAMAN

No. 8518DC39

(Filed 19 November 1985)

1. **Divorce and Alimony § 16.8— alimony—no finding of accustomed standard of living—no error**

The trial court did not err in an action for divorce and alimony by failing to determine the standard of living to which the parties became accustomed during the marriage where the court's findings established that defendant wife's monthly income was inadequate to meet her reasonable needs, that her monthly income had been inadequate since at least five years before the separation, and that plaintiff's net monthly income was $1,753 and his reasonable expenses $1,242. G.S. 50-16.5, G.S. 50-16.1(3).

2. **Divorce and Alimony § 16.8— alimony—no finding as to value of wife's estate—no error**

   The trial court did not err in an action for divorce and alimony by failing to find and consider the value of defendant wife's estate where the court made a finding regarding the income defendant derived from her estate. The primary purpose for considering the parties' estates is to assist in determining earnings and earning capacities. G.S. 50-16.5.

3. **Divorce and Alimony § 16.8— alimony—no finding that wife capable of earning larger income—no error**

   The trial court did not err in an action for divorce and alimony by failing to find that defendant wife was capable of earning a greater income than she was currently earning where the court found that for the first half of 1984 defendant earned as an artist approximately the same amount of money she earned in the first half of the year in which she earned her largest ever salary. There was no evidence presented concerning the salary her administrative skills would have permitted her to earn. G.S. 50-16.5.

4. **Divorce and Alimony § 16.8— conclusion that plaintiff supporting spouse and defendant dependent spouse—no error**

   The trial court did not err in an action for divorce and alimony by concluding that plaintiff was a supporting spouse and defendant a dependent spouse where the court found that for the last five years of the marriage defendant earned insufficient income to meet her reasonable needs and that plaintiff's net monthly income was $1,753 and his reasonable expenses $1,242.

5. **Divorce and Alimony § 16.8— alimony—no finding regarding financial contributions of each party**

   The trial court did not err in an action for divorce and alimony by not making a specific finding concerning the contributions of each party to the financial status of the marital unit where it was clear from the findings that the court considered this evidence in determining its award of alimony. G.S. 50-16.5.

6. **Divorce and Alimony § 16.8— alimony—duplication of wife's personal and business expenses—no distinction in findings—error**

   The trial court erred in an action for divorce and alimony by failing to determine the extent to which defendant wife's business expenses duplicated her personal expenses where the court found that defendant's personal expenses included amounts for shelter, transportation, electricity, and the telephone; that the shelter expense was the total rent on her apartment, of which a portion was claimed as a business deduction for maintaining a place of business in the apartment; that defendant also took business deductions for car expenses and utilities; and it was evident from the findings of fact and conclusions of law that the court was aware of the duplication but failed to determine its extent or to consider it in determining the award of alimony. G.S. 50-16.1(1).

7. **Divorce and Alimony § 27— attorney fees awarded—no error**

   The trial court did not err in awarding defendant wife attorney fees in an action for divorce and alimony where the uncontradicted evidence was that in

1983 defendant's net monthly income was $228 and for the first six months of 1984 defendant earned only $3,490.

**8. Divorce and Alimony § 27— amount of attorney fees—no error**

The court's findings of fact in an action for divorce and alimony were sufficient to support the amount awarded for attorney fees.

APPEAL by the plaintiff from *Daisy, Judge.* Judgment entered 31 October 1984 in District Court, GUILFORD County. Heard in the Court of Appeals 27 August 1985.

The plaintiff seeks review of an order awarding the defendant permanent alimony and attorney's fees. The parties were married in July 1962 and separated in March 1983. On 25 May 1984 the plaintiff filed a complaint seeking absolute divorce and equitable distribution of the marital property. The defendant counterclaimed seeking alimony pendente lite, permanent alimony and attorney's fees. The parties stipulated fault, leaving for the court only the issues of dependency, and if the defendant were determined to be a dependent spouse, the amount of alimony to be awarded. The evidence before the court included affidavits and testimony of the parties and the property settlement agreement to which the parties consented but which had not been signed.

The court made the following findings of fact: the defendant possesses bachelor of arts and masters of arts degrees; between 1962 and 1978 the defendant worked full and part time at various jobs, and also spent some time as a full time student; in 1978 the defendant, with her husband's consent, resigned from gainful employment for which her largest salary was $9,000 per year, in order to pursue full time her career as a professional painter; since the parties' separation in 1983 the defendant has looked for no employment other than her art work; the defendant has administrative skills gained through various pre-1978 employments; in 1983 the defendant had gross income of $7,094.21, $5,708.75 derived from her art work, $664.07 derived from stock dividends, $168.14 derived from interest on a checking account, and $575.00 derived from her one-fifth share in rental property inherited from her father; after expenses incurred in connection with her art work, the defendant's net income from this source in 1983 was $1,338.75; on her 1983 income tax return the defendant took business deductions of $4,837.88 in connection with her art work, including $512.67 for car expenses, $437.96 for depreciation,

**Beaman v. Beaman**

$1,125.70 for rent on business property, and $156.93 for utilities; since 15 March 1983 the business property for which the deduction was taken is the apartment in which the defendant lives and does her art work; for the first six months of 1984 the defendant's gross income from her art work totalled $3,490.00; the defendant had also sold four paintings for which she had not been paid and for which she did not know how much money she would receive; after deducting business expenses from her gross income in 1983 the defendant had net monthly income of $228.00; the defendant has reasonable monthly personal expenses of $772.00, including $195.00 for shelter and $55 for transportation; the shelter expense of $195 is the total rent on her apartment, a portion of which she takes as a business deduction for maintaining a place of business in the apartment; the defendant does not know the value of her stock or of her rental property.

The court made further findings of fact that the plaintiff has monthly net income of $1,753.00 derived from salary, interest, dividends, and a small business; the plaintiff has reasonable monthly expenses of $1,242; the parties are in agreement regarding the property settlement; the defendant will receive from the plaintiff $9,575 in cash and one-half of the net proceeds from the sale of the parties' home when the home is sold; it is estimated that the defendant will receive between $25,000 and $30,000 when the house is sold.

Based upon these findings of fact the court concluded that the defendant is a dependent and the plaintiff a supporting spouse, that the defendant is entitled to alimony, that the defendant's reasonable needs exceed her monthly income by over $500 per month, that the plaintiff is able to provide alimony, and that the defendant's attorney is entitled to a partial payment of $400 in attorney's fees. The court then granted the plaintiff absolute divorce and ordered the plaintiff to pay the defendant $500 per month from 15 September 1984 through 15 December 1985, $400 per month from 15 January 1986 through 15 December 1986, and $350 per month thereafter. The court also ordered the plaintiff to make partial payment of $400 to the defendant's attorney. The plaintiff appealed.

*Nichols, Caffrey, Hill, Evans & Murrelle, by Joseph R. Beatty, for the plaintiff appellant.*

*Hatfield & Hatfield, by Kathryn K. Hatfield, for the defendant appellee.*

WEBB, Judge.

This appeal involves the propriety of the district court's award to the defendant of alimony and of attorney's fees. We begin by considering the award of alimony.

[1] The plaintiff argues that the district court erred in failing to determine the standard of living to which the parties became accustomed during their marriage.

In *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980), our Supreme Court stated that in determining whether one qualifies as a dependent spouse under G.S. 50-16.1(3) as well as in determining the amount of alimony to be awarded, the courts must consider the factors enumerated in G.S. 50-16.5, the section for determining the amount of alimony. These factors include "the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." However, in *Condie v. Condie*, 51 N.C. App. 522, 277 S.E. 2d 122 (1981), this Court upheld a determination that the defendant wife was a dependent spouse and an award of alimony where the lower court had failed to make specific findings of fact regarding the accustomed standard of living of the parties. In sustaining the award, this Court noted that the parties had stipulated that the defendant's monthly expenses exceeded her monthly income by $349.07 and that the evidence showed that the defendant had no other means with which to meet those expenses. The court's finding that the plaintiff's gross monthly income was over $2,600 supported the conclusion that the plaintiff was capable of supporting the defendant. We held that this was sufficient to support the court's order that the plaintiff pay the defendant $250 per month in permanent alimony.

In the instant case while the court failed to make specific findings of fact regarding the parties' accustomed standard of living, the findings the court did make establish that the defendant's monthly income is inadequate to meet her reasonable needs and that this has been the case since at latest 1978, five years before

the parties separated. The court also found that the plaintiff's monthly net income is $1,753 and his reasonable expenses total $1,242. This evidence clearly allows the court to determine the parties' accustomed standard of living. A specific finding of fact was not necessary. This assignment of error is overruled.

[2]   Similarly, the plaintiff argues that the court erred in failing to find as a fact and to consider the value of the defendant's estate. The Court in *Williams, supra,* stated that the primary purpose in G.S. 50-16.5 for considering the parties' estates was to assist the Court in determining the parties' earnings and earning capacities. Ordinarily, the parties will not be required to deplete their estates to pay alimony or to meet personal expenses. *Williams, supra.* In light of the purpose for consideration of the parties' estates, the court's finding regarding the income the defendant derived from her assets was sufficient. This assignment of error is overruled.

[3]   The plaintiff also argues that the court erred in failing to find as a fact that the defendant is "capable of earning far greater income than she is currently earning." Although the spouses' earning capacities is a factor for the court to consider under G.S. 50-16.5 there is no requirement that the court make a specific finding of fact where there is not sufficient evidence of the parties' earning capacities. In this case there is no evidence that the defendant has at any time earned more than $9,000 per year. The court found that for the first half of 1984 the defendant had earned $3,490 from sales of her paintings and had sold four other paintings for which she had not been paid and for which she did not know how much money she would receive. This evidence shows that in the first half of 1984 the defendant earned approximately the same amount of money as she earned in the first half of the year in which she earned her largest ever salary. No evidence was presented concerning what salary the defendant's administrative skills would permit her to earn. Any finding of fact that the defendant "is capable of earning far greater income than she is currently earning" would be based upon speculation. This assignment of error is overruled.

[4]   The plaintiff argues that the court erred in concluding that the plaintiff is a supporting and the defendant a dependent spouse.

"Dependent spouse" means a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse. G.S. 50-16.1(3).

"Supporting spouse" means a spouse, whether husband or wife, upon whom the other spouse is actually substantially dependent or from whom such other spouse is substantially in need of support or maintenance. G.S. 50-16.1(4).

Under *Condie v. Condie, supra,* to properly find a spouse dependent the court need only find that the spouse's reasonable monthly expenses exceed her monthly income and that the party has no other means with which to meet those expenses. We have already determined that the evidence was not such as to require the court to find that the defendant was capable of earning far greater income than she currently earns. For the last five years of the parties' marriage the defendant has earned insufficient income to meet her reasonable needs. This is sufficient evidence to support the court's conclusion that the defendant is a dependent spouse. The court's findings that the plaintiff's net monthly income is $1,753 and his reasonable expenses are $1,242 are sufficient to support the conclusion that the plaintiff is a supporting spouse.

[5] The plaintiff contends that the court should have made a finding of fact concerning what each party had contributed to the financial status of the marital unit, as one of the "other facts of the particular case" under G.S. 50-16.5. Although the court did not make a specific finding of fact on this factor, it is clear from the findings of fact the court did make that the court considered this evidence. The court found that during the first years of the parties' marriage the plaintiff attended school full time and the defendant supported the family. Later the defendant attended school full time while the plaintiff supported her. The court also found that since 1978 the defendant has devoted her energies exclusively to her art career and has earned insufficient money in this pursuit to support herself. The court was aware of the financial contributions of the parties to the marriage and considered this in determining its award of alimony. This assignment of error is overruled.

[6]  The plaintiff also argues that the court erred in failing to determine and to consider the extent to which the defendant's business expenses duplicated her personal expenses. We believe this argument has merit.

In finding of fact No. 5 the court enumerated the defendant's personal expenses, including $195 per month for shelter, $55 for transportation, and $72 for electricity and telephone. These and other enumerated expenses total $772. The court also found that "[t]he shelter expense of $195 is the total rent on her apartment. A portion of this amount she takes as a business deduction for maintaining a place of business in the apartment." The defendant's tax return for 1983 shows that the defendant also took business deductions of $512.67 for car expenses and $156.93 for utilities. In conclusion of law No. 16 the court stated that the defendant "has reasonable needs of $772 per month which exceed her monthly income by over $500 per month." The court then ordered the plaintiff to pay the defendant $500 per month in alimony for the next 15 months.

It is evident from the findings of fact and conclusions that the court was aware that the defendant's business expenses duplicate her personal expenses but failed to determine the extent of the duplication or to consider it in determining its award of alimony. " 'Alimony' means payment for the support and maintenance of a spouse . . . ." G.S. 50-16.1(1). It does not mean payment for the support and maintenance of a spouse's business ventures. Therefore we must agree with the plaintiff that the court improperly concluded that the defendant was entitled to the amount of alimony awarded. On remand the district court is instructed to make findings regarding the extent of this duplication of expenses and to consider it in setting its award of alimony.

[7]  We next turn to the plaintiff's arguments that the court erred in awarding the defendant attorney's fees.

As a prerequisite to an award of attorney's fees the party seeking the award must be a dependent spouse, must be entitled to the relief sought, and must have insufficient means to defray the necessary expense in prosecuting her claim. *Knott v. Knott,* 52 N.C. App. 543, 279 S.E. 2d 72 (1981). We have already determined that the defendant in this case is dependent and is entitled to the relief she demands. The uncontradicted evidence shows

Beaman v. Beaman

that in 1983 the defendant's net monthly income was $228. For the first six months of 1984 the defendant earned only $3,490. This is sufficient evidence to support the court's finding that the defendant has insufficient means to sustain the financial burden of this action.

[8] Finally, the plaintiff argues that the court erred in failing to make the required findings of fact upon which a determination of the reasonableness of the fees could be based. In *Brown v. Brown,* 47 N.C. App. 323, 267 S.E. 2d 345 (1980) this Court reversed an award of attorney's fees because the lower court did not make findings of fact sufficient to permit an appellate court to determine the reasonableness of the award, such as the nature and scope of the legal services rendered and the skill and time required. In the instant case the court made the following finding of fact:

> 13. Defendant is an interested party, acting in good faith, who has insufficient means to sustain the entire financial burden of this litigation. Her attorney has provided good and valuable services which include preparation of answer and counterclaim, two hearings, preparation of financial affidavit, interviews with witnesses, review of private detective's report, pretrial conference with Judge and opposing counsel and numerous interviews with Defendant. Defendant's attorney is a licensed member of the North Carolina Bar since 1974, a CPA and specializes in domestic cases. Her services to Defendant have a partial value of not less than $400.00. Said amount is in keeping with the difficulty of the case, experience of the attorney, comparable fees in the area and the result obtained.

This finding of fact is sufficient to support an award of attorney's fees of $400. This assignment of error is overruled.

Affirmed in part, reversed and remanded in part.

Judges BECTON and MARTIN concur.