MARGARET JOHNSON BARRETT, PLAINTIFF v. ANTHONY WILLIAM BARRETT, DEFENDANT

No. COA99-1288

(Filed 17 October 2000)

**1. Divorce— alimony—dependent spouse classification— findings**

The trial court correctly classified plaintiff as a dependent spouse in an alimony determination where the court found that plaintiff earns $2,666.50 in gross monthly income but has $3,450 in monthly expenses and considered the marital standard of living, plaintiff's relative earning capacity, and her relative estate. Although the court did not make specific findings as to the amount of marital expenditures, the court's findings were sufficient for an overall portrayal of the parties' accustomed standard of living.

**2. Divorce— alimony—classification as supporting spouse**

The trial court's classification of defendant as a supporting spouse for alimony purposes was more than adequately supported by findings that defendant earns $7,250 per month and has expenses in the amount of $6,216.66 per month, with a resulting income-expenses surplus.

**3. Divorce— alimony—amount—ability of supporting spouse to pay**

The trial court did not abuse its discretion in an alimony determination in the amount awarded where defendant contended that the award exceeded what he was able to pay, but overlooked clear statutory language which stated that income encompasses both earned and unearned income, including employment benefits. Taking into account all the statutory factors, defendant's income-expenses surplus is well in excess of that which the court actually ordered defendant to pay.

**4. Divorce— alimony—attorney fees**

The trial court properly exercised its discretion in awarding attorney fees in an alimony action where it was previously determined in this opinion that plaintiff is a dependent spouse and entitled to receive alimony; the trial court's findings suggest that plaintiff was forced to deplete her equitable distribution award to pay her debts and expenses; the amount awarded was within the range sought; and the court found that the hourly rates charged were reasonable and customary for that type of work.

Appeal by defendant from order entered 19 May 1999 by Judge David Brantley in Lenoir County District Court. Heard in the Court of Appeals 13 September 2000.

*White & Allen, P.A., by David J. Fillipelli, Jr. and Delaina J. Davis, for plaintiff-appellee.*

*Wallace, Morris & Barwick, P.A., by Elizabeth A. Heath, for defendant-appellant.*

LEWIS, Judge.

Plaintiff and defendant married on 11 September 1966 and had three children over the course of their marriage. On 2 February 1996, the parties separated, and plaintiff thereafter filed this action for equitable distribution, alimony, and absolute divorce. The trial court entered a decree of divorce on 23 June 1997. The parties later settled their claims for equitable distribution, leaving only the matter of alimony to be determined by the court. In an order entered 19 May 1999, the trial court awarded plaintiff $1750 per month in alimony and further ordered defendant to pay $3100 in attorney's fees.

Defendant first appeals from that portion of the order awarding plaintiff alimony. As our statutes outline, alimony is comprised of two separate inquiries. First is a determination of whether a spouse is *entitled* to alimony. N.C. Gen. Stat. § 50-16.3A(a) (1999). Entitlement to alimony requires that one spouse be a dependent spouse and the other be a supporting spouse *Id.* If one is entitled to alimony, the second determination is the *amount* of alimony to be awarded. N.C. Gen. Stat. § 50-16.3(b). We review the first inquiry de novo, *Rickert v. Rickert*, 282 N.C. 373, 379, 193 S.E.2d 79, 82 (1972), and the second under an abuse of discretion standard, *Quick v. Quick*, 305 N.C. App. 446, 453, 290 S.E.2d 653, 658 (1982).

In his brief, defendant contests both plaintiff's entitlement to alimony and the amount she was awarded. However, his assignments of error only address the issue of *amount*. Nowhere in his assignments does he challenge the trial court's classification of him as the supporting spouse or plaintiff as the dependent spouse. Ordinarily failure to so assign error would constitute waiver of that argument for purposes of appeal. N.C.R. App. P. 10(a). However, pursuant to our discretionary authority, we will nonetheless address defendant's challenge to the issue of entitlement. N.C.R. App. P. 2.

**[1]** Entitlement to alimony is governed by N.C. Gen. Stat. § 50-16.3A(a). According to that section, a party is entitled to alimony if three requirements are satisfied: (1) that party is a dependent spouse; (2) the other party is a supporting spouse; and (3) an award of alimony would be equitable under all the relevant factors. Defendant argues plaintiff is not a dependent spouse and that he is not a supporting spouse. We begin with the dependent spouse classification.

To be a dependent spouse, one must be either "actually substantially dependent upon the other spouse" or "substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1A(2). A spouse is "actually substantially dependent" if he or she is currently unable to meet his or her own maintenance and support. *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980). A spouse is "substantially in need of maintenance" if he or she will be unable to meet his or her needs in the future, even if he or she is currently meeting those needs. *Id.* at 181-82, 261 S.E.2d at 855; *see also* 2 Suzanne Reynolds & Jacqueline Kane Connors, *Lee's North Carolina Family Law* § 9.5 (5th ed. 1999). The trial court concluded plaintiff was a dependent spouse because she was both actually

dependent upon defendant and substantially in need of his support. We uphold the trial court's classification of plaintiff as a dependent spouse.

Here, the trial court found that plaintiff earns $2666.50 in gross monthly income, but has $3450 in monthly expenses. Thus, she has an income-expenses deficit of $783.50 per month. This in and of itself supports the trial court's classification of her as a dependent spouse. *See, e.g., Phillips v. Phillips*, 83 N.C. App. 228, 230, 349 S.E.2d 397, 399 (1986) ("The trial court found that plaintiff had monthly expenses of $1,300 and a monthly salary of $978. That leaves her with a deficit of $322 a month. From these facts, the trial court could have found that plaintiff was both actually substantially dependent on defendant and substantially in need of defendant's support."); *see also Beaman v. Beaman*, 77 N.C. App. 717, 723, 336 S.E.2d 129, 132 (1985) ("[T]o properly find a spouse dependent the court need only find that the spouse's reasonable monthly expenses exceed her monthly income and that the party has no other means with which to meet those expenses."). *But see Knott v. Knott*, 52 N.C. App. 543, 546, 279 S.E.2d 72, 75 (1981) ("[A] mere comparison of plaintiff's expenses and income is an improperly shallow analysis."). Here, however, the trial court's order reflects that it considered other factors in addition to just plaintiff's income-expenses deficit. Specifically, the trial court considered the marital standard of living, plaintiff's relative earning capacity, and even her separate estate (a $600 savings account). We hold that the evidence and findings support the trial court's classification of plaintiff as a dependent spouse.

Defendant properly notes that the parties' needs and expenses for purposes of computing alimony should be measured in light of their accustomed standard of living during the marriage. *Williams*, 299 N.C. at 183, 261 S.E.2d at 856. To this end, defendant argues the trial court's findings are insufficient with respect to the parties' marital standard of living. Specifically, he points to the absence of any findings with respect to the parties' expenditures during the marriage. We disagree. The trial court made explicit findings as to the parties' respective incomes during the marriage, the type of home in which they lived, and the types of family vacations they enjoyed. Although the court did not make any specific findings as to the amount of marital expenditures, it did list various bills that defendant regularly paid prior to the parties' separation, including utilities, cable and television, telephone, newspaper, pest control, and yard service. We conclude these findings were sufficient for an overall portrayal of the

BARRETT v. BARRETT

[140 N.C. App. 369 (2000)]

parties' accustomed standard of living. *See generally Adams v. Adams*, 92 N.C. App. 274, 279-80, 374 S.E.2d 450, 453 (1988) ("The judge's findings as to Mr. Adams' monthly gross income and his reasonable living expenses, coupled with the findings as to Ms. Adams' monthly income and her expenses during the last year of the marriage, satisfied the requirement . . . for findings regarding the Adamses' accustomed standard of living.").

**[2]** We next consider the court's classification of defendant as a supporting spouse. Just because one spouse is a dependent spouse does not automatically mean the other spouse is a supporting spouse. *Williams*, 299 N.C. at 186, 261 S.E.2d at 857. To be a supporting spouse, one must be the spouse upon whom the other spouse is either "actually substantially dependent" or "substantially in need of maintenance and support." N.C. Gen. Stat. § 50-16.1A(5). A surplus of income over expenses is sufficient in and of itself to warrant a supporting spouse classification. *Beaman*, 77 N.C. App. at 723, 336 S.E.2d at 132. Here, the trial court found that defendant earns $7250 per month in income and has expenses in the amount to $6216.66 per month. The resultant income-expenses surplus more than adequately supports the conclusion that defendant is a supporting spouse.

**[3]** Defendant next contests the amount of alimony the court awarded to plaintiff. As stated earlier, a trial court's ultimate conclusion as to the amount of alimony will not be upset absent a manifest abuse of discretion. *Quick*, 305 N.C. at 453, 290 S.E.2d at 658. We find no such abuse here.

Specifically, defendant contends the alimony award exceeds that which he is able to pay. He points out that the court's findings reflect his income-expenses surplus is only $1033.34 per month ($7250 in salary less $6216.66 in expenses), which is well under the $1700 per month the court ordered him to pay. However, defendant overlooks the clear statutory language, which states that income encompasses both earned and unearned income, including "benefits such as medical, retirement, insurance, social security, or others." N.C. Gen. Stat. § 50-16.3A(b)(4). In this regard, the trial court also found that defendant receives from his employer $500 per month as an automobile allowance, $2000 per year (or $166.67 per month) in payments for his life insurance premiums, and a ten percent contribution to his IRA (i.e., $725 per month). Taking into account all the statutory factors, defendant's aggregate income is actually closer to $8641.67 per month. The resultant income-expenses surplus is thus closer to $2400

BARRETT v. BARRETT

[140 N.C. App. 369 (2000)]

per month, well in excess of that which the court actually ordered defendant to pay.

Defendant also points out that the trial court's findings reflect plaintiff has a monthly deficit of only $783.50 and thus does not need nearly as much as the court awarded her. Defendant, however, overlooks the fact that the $783.50 figure only takes into account plaintiff's monthly *gross* income. Using her monthly *net* income (as was used for defendant's computations) results in an income-expenses deficit of nearly $1400 per month ($2048.98 net income less $3450 in expenses). Given that defendant had an income-expenses surplus of $2400 per month and plaintiff had an income-expenses deficit of $1400 per month, the trial court's intermediate award of $1700 a month did not constitute an abuse of discretion.

[4] Finally, defendant argues the trial court improperly ordered him to pay $3100 in attorney's fees. As with our analysis for alimony, an analysis for attorney's fees requires a two-part determination: entitlement and amount. This time, defendant did assign error to both issues, and each will be addressed in turn.

A spouse is entitled to attorney's fees if that spouse is (1) the dependent spouse, (2) entitled to the underlying relief demanded (e.g., alimony and/or child support), and (3) without sufficient means to defray the costs of litigation. *Clark v. Clark*, 301 N.C. 123, 135-36, 271 S.E.2d 58, 67 (1980). Entitlement, i.e., the satisfaction of these three requirements, is a question of law, fully reviewable on appeal. *Id.* at 136, 271 S.E.2d at 67. Our holding as to alimony disposes of the first two requirements: plaintiff is a dependent spouse and is entitled to receive alimony. Thus, our focus hinges on whether plaintiff had sufficient funds to defray the costs of litigation. With regard to this determination, a court should generally focus on the disposable income and estate of just that spouse, although a comparison of the two spouses' estates may sometimes be appropriate. *Van Every v. McGuire*, 348 N.C. 58, 62, 497 S.E.2d 689, 691 (1998). Here, the trial court's findings reflect plaintiff has negative disposable income and a separate savings account of only $600. This fact alone demonstrates that plaintiff had insufficient funds to defray the costs of litigation. Defendant nonetheless points to the $5000 cash she received pursuant to equitable distribution out of which her litigation costs could be paid. However, defendant has made no showing (either at trial or on appeal) that plaintiff even still has this money from which she could defray her litigation expenses, as opposed to being forced to spend it to pay off her monthly expenses. After all, the trial court

found that plaintiff's only source of savings was her $600 credit union account. Furthermore, the court noted that plaintiff's credit card obligation is currently $20,000, most of which was incurred after the date of separation in order to meet her monthly expenses. These findings suggest that plaintiff was in fact forced to deplete her equitable distribution award to pay off her debts and expenses. We therefore conclude plaintiff was without sufficient funds to defray the costs of litigation and was therefore entitled to attorney's fees.

Once a spouse is entitled to attorney's fees, our focus then shifts to the amount of fees awarded. The amount awarded will not be overturned on appeal absent an abuse of discretion. *Spencer v. Spencer*, 70 N.C. App. 159, 169, 319 S.E.2d 636, 644 (1984). Here, plaintiff's attorney submitted two affidavits averring his costs in this action amounted to $5446.55. The trial court's $3100 award was thus within the range sought. *Cf. id.* (holding no abuse of discretion when fees awarded fell within the range of costs testified to by wife's expert witnesses). The trial court also found that the hourly rates charged were reasonable and customary for that type of work. Defendant has not contested this specific finding or otherwise suggested that plaintiff's counsel has charged excessively. Accordingly, we conclude the trial court properly exercised its discretion in awarding $3100 in fees.

Affirmed.

Judges WALKER and HUNTER concur.