An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1064
NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

ANGELIA K. SIDDLE,
    Plaintiff,

v.                                    Currituck County
                                      No. 11 CVD 45
WILLIAM L. SIDDLE,
    Defendant.


Appeal by defendant from order entered 17 April 2013 by Judge Amber Davis in Currituck County District Court. Heard in the Court of Appeals 17 February 2014.

> *THE TWIFORD LAW FIRM, P.C., by Edward A. O'Neal, for plaintiff.*
>
> *GREGORY E. WILLS, P.C.*, by Gregory E. Wills, for defendant.


ELMORE, Judge.


Defendant William L. Siddle appeals from an order granting plaintiff Angela K. Siddle's claims for alimony and attorney's fees. On appeal, defendant argues that the trial court erred by failing to properly value his future needs and by failing to consider plaintiff's receipt of the vested retirement pension funds when calculating the alimony award. In addition,

defendant contends that plaintiff had sufficient means to defray the costs of litigation, and, therefore, the trial court erred in awarding her attorney's fees. After careful consideration of the challenges to the trial court's 13 April 2013 order, we affirm.

## I.    Relevant Background

Plaintiff and defendant were married on 21 November 1981 and lived together as husband and wife until their date of separation on 20 January 2011. There were two children born of the marriage, both of whom are now of legal age. Defendant enlisted in the United States Coast Guard in 1981. He served on active duty for twenty years, and his Coast Guard pay was the primary source of income for the family. Plaintiff worked intermittently throughout defendant's early Coast Guard career. However, in 2001 plaintiff began working full-time as a clerk for the Currituck County Register of Deeds. Defendant retired from the Coast Guard on 6 January 2004 and subsequently accepted a position at the Paxton Company, where he has remained employed as a sales manager. The parties began receiving retirement funds from defendant's vested Coast Guard pension plan (the pension plan) in February 2004.

On 27 January 2011, plaintiff filed a complaint in Currituck County District Court for post-separation support, alimony, equitable distribution, interim distribution of marital property, and attorney's fees. Thereafter, the parties entered into a consent order for post-separation support on 6 September 2011 and an equitable distribution consent judgment on 26 September 2012. By the terms of these orders, defendant agreed to pay plaintiff $500.00 per month in post-separation support, and the parties divided the marital assets equally. Each received approximately $45,000.00 in net proceeds from the sale of the marital home and $38,000.00 in tax deferred IRA/401k retirement accounts in their separate names. In addition, the pension plan was divided equally. Plaintiff elected to have her one-half (1/2) share reduced by 6.5 percent in order to defer the costs of her participation in the Coast Guard's Survivor Benefit Plan ("SBP"). The SBP is a military program whereby a service member's spouse can elect to continue receiving a one-half share of the pension after the service member's death by reducing the monthly pension benefit by a fixed amount. The net effect is that plaintiff receives approximately the same vested retirement benefit as defendant, reduced only by the cost of an

insurance plan designed to protect her interest in the event defendant pre-deceases her.

Plaintiff's remaining claims for alimony and attorney's fees were heard before Judge Amber Davis on 13 February 2013. At the hearing, plaintiff testified that the parties separated because of acts of domestic violence that defendant committed against plaintiff. The parties' children each testified to defendant's repeated acts of domestic violence against plaintiff throughout the duration of the parties' marriage. The trial court received into evidence plaintiff's Affidavit of Financial Standing and Needs, which accounted for her *future* or *projected* expenses based on her former standard of living. Plaintiff's testimony at the hearing corroborated her affidavit. For example, plaintiff testified that she was presently living in a single-wide trailer which rented for $400.00 per month, including water and electricity. However, she estimated that the cost to rent a home comparable to that in which she lived prior to the date of separation would cost $1,100.00 per month, which is the sum reflected in plaintiff's financial affidavit. Additionally, plaintiff testified that, although she did not presently have a car payment, she would need a new vehicle because hers had 140,000 miles and needed maintenance. In her

financial affidavit, she accounted for a $400.00 per month automobile payment. Relying on plaintiff's financial affidavit and her testimony, the trial court found: Plaintiff received approximately $2,400.00 per month in disposable income from her salary and her share of the retirement pension, and her reasonable needs totaled $3,815.00 per month. Thus, plaintiff was left with a shortfall of $1,415.00 per month to meet her reasonable needs.

Defendant executed an Affidavit of Financial Standing and Needs based on his *actual* expenses, which reflected a $650.00 per month rent payment and no car payment. However, he later amended the affidavit to account for his *future* or *projected* expenses based on his former standard of living. The amended affidavit included a $1,300.00 per month housing payment and a $400.00 per month car payment. Defendant testified that his current housing situation was subpar compared to his former standard of living. He also testified that his current vehicle had 206,000 miles and was "unreliable."

The trial court found that defendant's future expenses were not credible, and thus it relied on defendant's actual expenses to calculate his disposable income. In its order, the trial court found that defendant's gross income, including bonuses,

was $5,660.00 per month and that his reasonable needs totaled approximately $3,350.00, leaving $2,310.00 in disposable income. Based on the foregoing, the trial court determined that defendant was the supporting spouse and plaintiff was the dependent spouse. It awarded plaintiff $1,700.00 per month in permanent alimony and $4,500.00 in attorney's fees. Defendant now appeals.

## II. Analysis

Defendant argues that the trial court erred in relying on his actual, not future, expenses to calculate his alimony obligation. Specifically, defendant contends that, because the trial court accepted plaintiff's future needs as reasonable, it was obligated to find that his were similarly reasonable. We disagree.

"The court shall award alimony to the dependent spouse upon a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors[.]" N.C. Gen. Stat. § 50-16.3A. Subpart (b) of the statute enumerates sixteen factors for the trial court to consider in determining the amount and duration of an award of alimony. "The trial court shall make a specific finding of fact on each of the factors in

subsection (b) of this section if evidence is offered on that factor." N.C. Gen. Stat. § 50-16.3A(c). "The amount to be awarded is a question of fairness to the parties, and, so long as the court has properly taken into consideration the factors enumerated by statute, the award will not be disturbed absent an abuse of discretion." *Gardner v. Gardner*, 40 N.C. App. 334, 340, 252 S.E.2d 867, 871 (1979).

On appeal, defendant does not challenge plaintiff's future expenses as being excessive or unreasonable. Further, he does not allege as error that the trial court neglected to consider the relevant factors enumerated in N.C. Gen. Stat. § 50-16.3A(b). Instead, defendant challenges Finding #32: "Defendant's [future] needs are speculative and do not reflect his actual expenses over the expenses set out in his Financial Affidavit. The Court does not find that his "future needs" are credible[.]" The crux of defendant's argument is that, in light of fact that the trial court found plaintiff's future needs to be reasonable, it cannot alternatively find that defendant's future needs are speculative given that both parties financial affidavits were based on an "identical budget." Defendant avers: "It logically follows that what was deemed appropriate for *her* must also be appropriate for *him*."

Defendant's argument goes only to the weight and credibility of the evidence. It is well settled that "it is within a trial court's discretion to determine the weight and credibility that should be given to all evidence that is presented during trial." *Phelps v. Phelps*, 337 N.C. 344, 357, 446 S.E.2d 17, 25 (1994). "The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal." *Id*. (quotation and citation omitted). Here, the trial court made relevant findings of fact on each of the pertinent statutory factors under N.C. Gen. Stat. § 50-16.3A(b)(1-16), none of which require a uniform application. Because there is no evidence that the trial court abused its discretion in finding that defendant's future needs were not credible, defendant's argument is overruled.

**B. <u>Pension Income</u>**

Defendant next argues that the trial court erred in awarding plaintiff permanent alimony without taking into consideration the fact that plaintiff was entitled to half of his pension income. We disagree.

In determining the amount and duration of alimony, the trial court must account for "[t]he fact that income received by either party was previously considered by the court in determining the value of a marital or divisible asset in an equitable distribution of the parties' marital or divisible property." N.C. Gen. Stat. § 50-16.3A(b)(16).

The trial court's order reflects the following findings of fact in respect to the pension:

> 24.     The Consent Order for Equitable Distribution divided the defendant's United States Coast Guard retirement income with the Plaintiff receiving 43.5 percent of the retirement and Defendant receiving 56.5 percent of the retirement. The [p]laintiff selected to reduce her retirement income by six and one-half percent to pay for the costs of SBP benefits so that she will continue to receive benefits after [d]efendant's death.
>
> 25.  Since June 1, 2012, the [p]laintiff has received approximately $680.00 to $700.00 per month representing her marital share of the [d]efendant's Coast Guard Retirement. Both parties will continue to receive their share of the Coast Guard Retirement plus any cost of living adjustments for the duration of the parties' lifetime.
>
> 26.     Plaintiff receives approximately $2,400.00 per month in disposable income from her employment and her shares of the Coast Guard Retirement benefits to meet her needs and expenses.

On appeal, defendant admits that Findings #24 and #25 reference the Coast Guard pension, but he contends that this is insufficient to satisfy N.C. Gen. Stat. § 50-16.3A(b)(16). Specifically, defendant takes issue with Finding #24 because it erroneously reports an unequal division of the pension funds. He also contends that the trial court erred in failing to account for the effect that plaintiff's entitlement to the pension income had on the duration of the alimony award.

In calculating plaintiff's monthly disposable income, the trial court relied on the sum of $686.44 as reported in plaintiff's financial affidavit, not the percentages set forth in Finding #24. Further, in Finding #16, the trial court recognizes that the pension was divided equally: "Plaintiff was entitled to receive . . . one-half share of the Coast Guard Pension[.]" Accordingly, any error as to the distribution of the pension funds in Finding #24 is inconsequential. Moreover, N.C. Gen. Stat. § 50-16.3A(b)(16) does not mandate that the trial court find how plaintiff's receipt of pension income impacted the duration of its alimony award. Pursuant to N.C. Gen. Stat. § 50-16.3A(c), the trial court need only "set forth the reasons for its award or denial of alimony and, if making an award, the reasons for its amount, duration, and manner of

payment." In Finding #46, the trial court sufficiently explained its reasoning for awarding plaintiff permanent alimony:

> 46. The award of permanent alimony to the [p]laintiff should be for an indefinite period of time as her income is not likely to increase significantly because of her employment history and limited education. The [p]laintiff will need the alimony awarded to her for an indefinite period to allow her to maintain a decent standard of living which will be a standard of living that is less than she enjoyed during the parties' marriage.

The record reflects that the trial court properly considered plaintiff's receipt of the pension income. We see no evidence that the trial court abused its discretion in calculating the duration and amount of the alimony award. Accordingly, defendant's argument is overruled.

## C. <u>Attorney's Fees</u>

Lastly, defendant argues that the trial court erred in awarding plaintiff $4,500.00 in attorney's fees. We disagree. Generally, "an analysis for attorney's fees requires a two-part determination: entitlement and amount." *Barrett v. Barrett*, 140 N.C. App. 369, 374, 536 S.E.2d 642, 646 (2000). However, here defendant does not challenge the amount of fees awarded.

Accordingly, our focus is whether plaintiff is entitled to an award of attorney's fees.

When a dependent spouse is entitled to alimony pursuant to N.C. Gen. Stat. § 50-16.3A, "the court may, upon application of such spouse, enter an order for reasonable counsel fees, to be paid and secured by the supporting spouse in the same manner as alimony." N.C. Gen. Stat. § 50-16.4 (2011). In order to establish that a spouse is entitled to attorney's fees, he or she must be "(1) the dependent spouse, (2) entitled to the underlying relief demanded (e.g., alimony and/or child support), and (3) without sufficient means to defray the costs of litigation." *Barrett* at 369, 374, 536 S.E.2d at 646 (citation omitted). "The satisfaction of these three requirements, is a question of law, fully reviewable on appeal." *Id*. (citation omitted). Generally, the dependent spouse has insufficient means to defray the costs of litigation if he or she is unable as litigant to meet the supporting spouse as litigant on substantially even terms. *Theokas v. Theokas*, 97 N.C. App. 626, 631, 389 S.E.2d 278, 281 (1990). "Once a spouse is entitled to attorney's fees, our focus then shifts to the amount of fees awarded. The amount awarded will not be overturned on appeal

absent an abuse of discretion." *Barrett* at 375, 536 S.E.2d at 647.

In its 13 April 2013 order, the trial court partially granted plaintiff's claims for attorney's fees in the amount of $4,500.00, finding: 1) plaintiff incurred $7,899.00 in attorney's fees to litigate her claims for post-separation support and permanent alimony; 2) the fees charged by plaintiff's attorney were reasonable given counsel's skill and experience; 3) plaintiff lacked "sufficient means upon which to live during the prosecution of her action and to defray her necessary legal expenses from her re-occurring income[;]" and 4) plaintiff had insufficient means to defray the cost and expense of the suit "unless she were to deplete her estate by spending the funds which she received from the sale of the former marital residence."

In the instant case, plaintiff is clearly the dependent spouse entitled to the underlying relief demanded (alimony). Thus, our focus hinges on whether plaintiff had sufficient funds to defray the costs of litigation. "With regard to this determination, a court should generally focus on the disposable income and estate of just that spouse, although a comparison of the two spouses' estates may sometimes be appropriate." *Id*. at

374, 536 S.E.2d at 646 (citation omitted). Having reviewed the trial court's findings, we find them to be sufficient to form a basis for determining a reasonable award of attorney's fees. Prior to the award of permanent alimony, plaintiff received $2,400.00 per month in disposable income from her employment and pension funds plus $500.00 per month in post-separation support. Based on the trial court's determination that plaintiff's reasonable needs totaled $3,815.00 per month, plaintiff was left with a deficiency of $915.00 per month during the separation period. This alone supports the trial court's finding that plaintiff had insufficient means upon which to live and simultaneously defray the costs of litigation. Alternatively, after paying plaintiff post-separation support and satisfying his reasonable needs of $3,350.00, defendant had a surplus of $1,810.00 per month during the separation period.

Defendant nonetheless points to the $8,000.00 cash plaintiff took from the parties' joint checking account and the $10,000.00 she received in post-separation support out of which her litigation costs could be paid. Defendant contends that plaintiff had "at least Eighteen Thousand Dollars in liquid funds with which to pay her attorney, irrespective of the proceeds from the sale of the marital home." However, there is

no evidence before us that plaintiff has access to this money from which she could defray her litigation expenses, as opposed to having used it to pay her monthly expenses. Further, after paying plaintiff $1,700.00 per month in alimony and satisfying his reasonable needs, defendant will have $610.00 per month in excess of his reasonable needs. Alternatively, upon receipt of the alimony payment, plaintiff will have an excess of only $285.00 per month to satisfy her reasonable needs. On the basis of this evidence, we conclude that plaintiff was not able as litigant to meet defendant as litigant on substantially even terms. Accordingly, the trial court did not err in finding that plaintiff had insufficient means to defray the cost of litigation. The trial court's award of $4,500.00 in attorney's fees is reasonable and supported by the evidence.

### III. Conclusion

In sum, the trial court did not err in calculating defendant's reasonable needs based on his actual expenses as set forth in his financial affidavit. There is no requirement that the trial court uniformly calculate each parties' disposable income. Moreover, the record reflects that the trial court considered plaintiff's receipt of the pension funds in awarding her permanent alimony. Finally, the trial court did not err in

finding that plaintiff had insufficient means to defray the cost of litigation and in awarding plaintiff $4,500.00 in attorney's fees.  Accordingly, we affirm.

Affirmed.

Chief Judge MARTIN and HUNTER, Robert N., concur.

Report per Rule 30(e).