An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-131

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

ALVIN KEITH LATAK,
    Plaintiff-Appellant,

v.

TERESA WILSON LATAK,
    Defendant-Appellee.

Buncombe County
No. 10 CVD 917


Appeal by Plaintiff from judgment entered 28 August 2013 by Judge Susan M. Dotson-Smith in District Court, Buncombe County. Heard in the Court of Appeals 20 May 2014.


    *Steven Kropelnicki, PC, by Steven Kropelnicki, for Plaintiff-Appellant.*

    *Tony E. Rollman for Defendant-Appellee.*


    McGEE, Judge.


    Alvin Keith Latak ("Plaintiff") and Teresa Wilson Latak ("Defendant") were married 27 November 1987 and separated 5 May 2006. Plaintiff filed a complaint for absolute divorce on 22 February 2010. Defendant filed an answer and counterclaims for alimony, equitable distribution, and child support on 4 June 2010.

Judgments or orders were entered as to all claims made by the parties, including an order granting Plaintiff's request for an absolute divorce from Defendant. On appeal, Plaintiff challenges only the 28 August 2013 judgment as to Defendant's counterclaim for alimony. In its judgment, the trial court found that Plaintiff was a supporting spouse and Defendant was a dependent spouse. The trial court further found that, based on "Plaintiff's income and the [c]ourt's findings on reasonable expenses," Plaintiff had the ability to pay $1,000.00 per month to Defendant in alimony, "which may assist [Defendant] in the payments she will incur for private health insurance incurred as a result of the divorce and loss of insurance." The trial court then concluded that Defendant was a dependent spouse and was actually and substantially dependent upon Plaintiff for support, and that Plaintiff was a supporting spouse with the ability to pay alimony in the amount of $1,000.00 per month.

The trial court ordered Plaintiff to pay Defendant $1,000.00 per month in prospective alimony and $750.00 per month in retroactive alimony for a period of six months, followed by one month of $500.00. These payments were ordered to continue until October 2028, when Defendant turns sixty-five, or until Defendant otherwise becomes eligible for Medicare coverage. Plaintiff appeals.

## I. Standard of Review

It is well settled that "when the trial court sits without a jury, the standard of review is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Lyons-Hart v. Hart*, 205 N.C. App. 232, 235, 695 S.E.2d 818, 821 (2010). "Findings of fact by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo*." *Id.*

## II. Analysis

### A. Plaintiff's Motion for Involuntary Dismissal

Plaintiff first argues the trial court erred in denying his motion for involuntary dismissal of Defendant's counterclaim for alimony. Plaintiff argues that "all of the evidence failed to make out a case for an award of alimony because [D]efendant offered no evidence from which the court could find any standard of living enjoyed by the parties prior to their separation."

N.C. Gen. Stat. § 1A-1, Rule 41(b) (2013) states:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon

> the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

N.C. Gen. Stat. § 1A-1, Rule 41(c) applies the same rules to counterclaims. In the present case, at the close of Defendant's evidence, Plaintiff moved for involuntary dismissal of Defendant's counterclaim for alimony. The trial court, in an order denying Plaintiff's motion, stated it

> would deny that motion based on the fact that the court had not had the opportunity to review all of [] [D]efendant's evidence in that both parties had agreed to submit additional evidence in the form of affidavits and briefs in support of their sides. The court having accepted the affidavits, evidence, and briefs now takes this matter under advisement.

Since N.C.G.S. § 1A-1, Rule 41(b) allows the trial court to "decline to render any judgment until the close of all the evidence," the trial court did not abuse its discretion in denying Plaintiff's motion before the court had evaluated the submitted affidavits, evidence and briefs. N.C.G.S. § 1A-1, Rule 41(b).

B. Trial Court's Finding that Defendant was a Dependent Spouse

Plaintiff argues the trial court erred in concluding as a matter of law that Defendant was a dependent spouse. "Dependent spouse" means a spouse who is actually substantially dependent

upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse.  N.C. Gen. Stat. § 50-16.1A(2) (2013).  "A spouse is 'actually substantially dependent' if he or she is currently unable to meet his or her own maintenance and support."  *Barrett v. Barrett*, 140 N.C. App. 369, 371, 536 S.E.2d 642, 645 (2000).  "A spouse is 'substantially in need of maintenance' if he or she will be unable to meet his or her needs in the future, even if he or she is currently meeting those needs."  *Id.*

Plaintiff argues the trial court erred in concluding as a matter of law that Defendant was a dependent spouse because the record is devoid of evidence from which the trial court could find the standard of living enjoyed by the parties prior to their separation.  However, our Courts are not, as Plaintiff argues, unanimous that the parties' accustomed standard of living during their marriage must be established in order to conclude as a matter of law that a spouse is dependent.

This Court has concluded in several cases that a deficit of income, minus reasonable expenses, is sufficient to conclude as a matter of law that a party is a dependent spouse.  In *Barrett*, this Court stated:

> Here, the trial court found that plaintiff earns $2666.50 in gross monthly income, but has $3450 in monthly expenses.  *Thus, she has an income-expenses deficit of $783.50*

> *per month. This in and of itself supports the trial court's classification of plaintiff as a dependent spouse. See, e.g., Phillips v. Phillips*, 83 N.C. App. 228, 230, 349 S.E.2d 397, 399 (1986) ("The trial court found that plaintiff had monthly expenses of $1,300 and a monthly salary of $978. That leaves her with a deficit of $322 a month. From these facts, the trial court could have found that plaintiff was both actually substantially dependent on defendant and substantially in need of dependent's support."); *see also Beaman v. Beaman*, 77 N.C. App. 717, 723, 336 S.E.2d 129, 132 (1985) ("To properly find a spouse dependent the court need only find that the spouse's reasonable monthly expenses exceed her monthly income and that the party has no other means with which to meet those expenses.") *But see Knott v. Knott*, 52 N.C. App. 543, 546, 279 S.E.2d 72, 75 (1981) ("[A] mere comparison of plaintiff's expenses and income is an improperly shallow analysis.")(emphasis added).

*Barrett*, 140 N.C. App. 369 at 371, 536 S.E.2d 642 at 645; *see also Rhew v. Felton*, 178 N.C. App. 475,483, 631 S.E.2d 859,865 (2006).

In the present case, the trial court found that Defendant had a deficit of income over reasonable expenses of $4,400.55 and will have a greater deficit when she has to begin paying for a private health insurance policy.

Additionally, the trial court considered the parties' separate estates. Plaintiff lives in a home he owns that has a disputed value of $187,000.00. Defendant rents a home for $625.00 per month and her mother makes the rent payments.

Plaintiff was awarded Latak Landscaping, the parties' private landscaping business, as part of the equitable distribution of marital property. Latak Landscaping earns Plaintiff an average of $1,276.00 per month. Plaintiff and Defendant agreed to settle a disputed equitable distribution award for a $15,000.00 cash payout of which Plaintiff had already paid one-half at the time of the hearing on Defendant's counterclaim for alimony, the other half being due by October 2013.

The trial court also considered the parties' earning capacities. Plaintiff earns approximately $6,234.00 a month from United Parcel Service, in addition to his earnings from Latak Landscaping. Defendant works forty hours per week for Advanced Business Systems as a clerical worker and earns a monthly salary of $2,684.00.

Given Defendant's income-expenses deficit and the other factors considered, we hold that the evidence and findings support the trial court's classification of Defendant as a dependent spouse.

### C. Plaintiff Alleges Erroneous Findings of Fact

Plaintiff also argues the trial court erred in making findings regarding the parties' accustomed standard of living during their marriage, contending that Defendant offered no supporting evidence of the parties' standard of living. The

trial court specifically found that, during the course of their marriage, "the parties enjoyed a middle to upper-middle class lifestyle[,]" including health insurance through Plaintiff's employment at no cost. Plaintiff also argues the trial court erred by finding that he was the primary wage-earner for the family during the course of his marriage to Defendant.

Even assuming there is not competent evidence in the record to support these challenged findings of fact, as stated in the above analysis, a finding of a deficit of income over reasonable expenses is sufficient to classify a party as a dependent spouse. The trial court's finding of a deficit of income over reasonable expenses of Defendant is sufficient to classify Defendant as a dependent spouse. The trial court did not err in concluding as a matter of law that Defendant is a dependent spouse.

Affirmed.

Judges HUNTER, Robert C. and ELMORE concur.

Report per Rule 30(e).