**FRIEND-NOVORSKA v. NOVORSKA**

[163 N.C. App. 776 (2004)]

DORIS FRIEND-NOVORSKA, Plaintiff v. JAMES C. NOVORSKA, Defendant

No. COA03-668

(Filed 20 April 2004)

**Costs— attorney fees—alimony**

The trial court did not err in an alimony action by denying plaintiff dependent spouse's motion for attorney fees, because plaintiff was able to subsist and defray the necessary expenses related to prosecuting the action since: (1) plaintiff's income had increased from the date of separation until the date of this action; (2) plaintiff continued to live at the marital residence while defendant voluntarily paid at least half of the monthly mortgage payments; (3) defendant paid plaintiff monthly postseparation support; and (4) defendant had previously paid $2,000 toward plaintiff's attorney fees.

Appeal by plaintiff from order entered 21 February 2003 by Judge Joseph Buckner in Orange County District Court. Heard in the Court of Appeals 16 March 2004.

*Hayes Hofler & Associates, P.A., by R. Hayes Hofler, for plaintiff-appellant.*

*Darsie, Sharpe, Mackritis & Dukelow P.L.L.C., by Lisa M. Dukelow, for defendant-appellee.*

TYSON, Judge.

Doris Friend-Novorska ("plaintiff") appeals from an order denying her motion for attorney's fees. We affirm.

I. Background

This is the fourth appeal from the parties to this Court. The first was heard by this Court on 21 October 1998. *Novorska v. Novorska,* 131 N.C. App. 508, 507 S.E.2d 900 (1998) *("Novorska I"), aff'd,* 354 N.C. 564, 556 S.E.2d 294 (2001). We affirmed the trial court's judgment for equitable distribution. *Id.* While that appeal was pending, plaintiff also appealed the order and judgment for alimony. We affirmed the award of alimony but vacated and remanded for the trial court to make appropriate findings of fact to support the amount and duration of the award. *Novorska v. Novorska,* 131 N.C. App. 867, 509 S.E.2d 460 (1998) *("Novorska II"), aff'd,* 354 N.C. 564, 556 S.E.2d 294 (2001). On

remand, plaintiff moved for a new award of alimony and for an award of attorney's fees and costs. The trial court made new findings of fact and awarded plaintiff the same amount and duration of alimony. The trial court denied plaintiff's request for attorney's fees. The plaintiff appealed this denial. We affirmed the award of alimony, and reversed and remanded the trial court's denial of attorney's fees for appropriate findings of facts on whether plaintiff was entitled to attorney's fees. *Novorska v. Novorska*, 143 N.C. App. 387, 545 S.E.2d 788 (*"Novorska III"*), *aff'd*, 354 N.C. 564, 556 S.E.2d 294 (2001). We incorporate the facts from our previous opinions and set forth additional facts necessary to decide this appeal. *Novorska I*, 131 N.C. App. at 510, 507 S.E.2d at 902; *Novorska II*, 131 N.C. App. at 868, 509 S.E.2d at 460; *Novorska III*, 143 N.C. App. at 388, 545 S.E.2d at 790.

Following remand from this Court, the trial court held a hearing on Plaintiff's motion for attorney's fees on 18 March 2002. After hearing oral arguments from each attorney and reviewing the record before it, the trial court concluded that "[d]uring the course of this action, the plaintiff was able to subsist and defray the necessary expenses related to prosecuting this action." The trial court entered an order denying plaintiff's request for attorney's fees on 21 February 2003. Plaintiff appeals.

## II. Issue

The sole issue is whether the trial court erred in failing to award plaintiff, the dependent spouse, attorney's fees.

## III. Attorney's Fees

N.C. Gen. Stat. § 50-16.4 (2003) sets forth the requirements for awarding attorney's fees to a dependent spouse and states,

[a]t any time that a dependent spouse would be entitled to alimony pursuant to G.S. 50-16.3A, or post-separation support pursuant to G.S. 50-16.2A, the court *may*, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony.

(emphasis supplied). We interpreted this statute to require that "[a] spouse is entitled to attorney's fees if that spouse is (1) the dependent spouse, (2) entitled to the underlying relief demanded (e.g., alimony and/or child support), and (3) without sufficient means to defray the costs of litigation." *Barrett v. Barrett*, 140 N.C. App. 369,

374, 536 S.E.2d 642, 646 (2000) (citing *Clark v. Clark*, 301 N.C. 123, 135-36, 271 S.E.2d 58, 67 (1980)). Whether the moving party meets these requirements is a question of law fully reviewable *de novo* on appeal. *Hudson v. Hudson*, 299 N.C. 465, 473, 263 S.E.2d 719, 724 (1980).

Here, the trial court found that plaintiff was the dependent spouse and entitled to alimony. We affirmed the trial court's holdings on these two issues in *Novorska I*, *Novorska II*, and *Novorska III*. The determinative issue at bar is whether the trial court made sufficient findings of fact to conclude that plaintiff was with "sufficient means to defray the costs of litigation." *Barrett*, 140 N.C. App. at 374, 536 S.E.2d at 646.

The trial court found that plaintiff presently is employed as a Personnel Technician II at the University of North Carolina Hospital with an annual salary of $29,900.00, compared to her salary of $17,280.00 per year at the time of separation, an increase of $12,620.00. Plaintiff's job also provides "health insurance at no cost, dental insurance, disability insurance and a retirement plan which requires a six percent (6%) deduction from her salary and the State of North Carolina matches her contribution at the same rate."

The trial court further found that plaintiff retained sole possession of the marital residence and that defendant voluntarily agreed to pay the $1,113.00 per month mortgage payment on the marital residence from the date of separation until this action was filed. These payments allowed plaintiff to secure full-time and permanent employment. After the filing of this action, the parties entered into a consent judgment in which defendant agreed to pay plaintiff $600.00 per month in post-separation funds plus one-half of the monthly mortgage payment in the amount of $578.48. The trial court further found that plaintiff had received an unequal distribution of the marital property and that defendant had already paid $2,000.00 towards plaintiff's attorney's fees.

The trial court's findings that (1) plaintiff's income had increased from the date of separation until the date of this action, (2) plaintiff continued to live at the marital residence while defendant voluntarily paid at least half of the monthly mortgage payments, (3) defendant paid plaintiff monthly post-separation support, and (4) defendant had previously paid $2,000.00 towards plaintiff's attorney's fees supports its conclusion of law that plaintiff "was able to subsist and defray the necessary expenses related to prosecuting the action" and

the denial of plaintiff's motion for attorney's fees. Plaintiff's assignment of error is overruled.

## IV. Conclusion

The trial court's findings of fact are supported by substantial evidence and its conclusions of law support its denial of plaintiff's motion for attorney's fees. The order of the trial court is affirmed.

Affirmed.

Judges WYNN and HUNTER concur.