GAIL S. GEORGE, Plaintiff,
v.
FREDERICK D. GEORGE, Defendant.
No. COA07-66
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Hairston Lane Brannon, PLLC, by Anthony M. Brannon, for plaintiff-appellant.
J. Albert Clyburn, P.L.L.C., by J. Albert Clyburn, for defendant-appellee.
JACKSON, Judge.
Gail S. George ("plaintiff") appeals from an order of the trial court denying her request for post-separation support, alimony, equitable distribution, and attorneys' fees. For the following reasons, we affirm in part and vacate and remand in part.
Plaintiff and Frederick D. George ("defendant") were married on 3 March 2001. On 14 March 2002, plaintiff and defendant executed a post-nuptial agreement, which they amended on 27 September 2002. No children were born to plaintiff and defendant, and on 1 March 2003, plaintiff and defendant separated. On 6 August 2003, plaintiff filed an action seeking specific performance of the post-nuptial agreement. On 23 August 2004, the trial court entered an order dismissing plaintiff's request for specific performance of the portion of the post-nuptial agreement requiring defendant to pay plaintiff alimony. The trial court found that the alimony provision was void as against public policy; the court found that all other provisions of the post-nuptial agreement were valid and subject to enforcement.
On 8 October 2004, plaintiff filed an amended complaint seeking post-separation support, alimony, and equitable distribution. By order entered 26 May 2005, the trial court granted partial summary judgment to plaintiff and ordered that (1) defendant shall transfer $189,000.00 from his IRA account to an account in the sole name of plaintiff; (2) a money market account with a balance of $58,357.15 be equally divided between plaintiff and defendant; (3) the jointly held marital estate be listed for sale, with plaintiff providing access to the house for inspection and with both parties cooperating fully with the sale; and (4) defendant shall be responsible for the payment of mortgages, taxes, and insurance on the property until it is sold. By order entered 11 April 2006, the trial court (1) granted plaintiff specific performance of the post-nuptial agreement as interpreted by the trial court; and (2) denied plaintiff's request for post-separation support, alimony, and equitable distribution. Thereafter, plaintiff filed timely notice of appeal from the 11 April 2006 order. On appeal, plaintiff contends that the trial court erred in its 11 April 2006 order by (1) denying her claim for alimony, (2) failing to properly classify, value, and distribute the parties' property, and (3) failing to award her attorneys' fees.
As a preliminary matter, we note that plaintiff has failed to assign error to specific findings of fact, and it is well-settled that "failure to assign error to specific findings of fact of the trial court renders those findings binding on this Court." Hedingham Cmty. Ass'n v. GLH Builders, Inc., 178 N.C. App. 635, 642, 634 S.E.2d 224, 228, disc. rev. denied, 360 N.C. 646, 636 S.E.2d 805 (2006). Although plaintiff's sixth assignment of error purportedly "excepts to all findings of fact and conclusions of law," "[s]uch an assignment of error is designed to allow counsel to argue anything and everything they desire in their brief on appeal. `This assignment  like a hoopskirt  covers everything and touches nothing.'" Wetchin v. Ocean Side Corp., 167 N.C. App. 756, 759, 606 S.E.2d 407, 409 (2005) (quoting State v. Kirby, 276 N.C. 123, 131, 171 S.E.2d 416, 422 (1970)).
In her first argument, plaintiff contends the trial court erred when it denied her claim for alimony because the trial court failed to (1) make the required detailed findings of fact necessary to determine dependency and (2) consider all relevant factors listed in North Carolina General Statutes, section 50-16.3A(b). We agree.
"A trial court's determination of entitlement to alimony is reviewed de novo." Rhew v. Felton, 178 N.C. App. 475, 483, 631 S.E.2d 859, 865, appeal dismissed and disc. rev. denied, 360 N.C. 648, 636 S.E.2d 810 (2006). Once the trial court determines that a party is entitled to alimony, "'[t]he decision to award alimony is a matter within the trial [court's] sound discretion and is not reviewable on appeal absent a manifest abuse of discretion.'" Megremis v. Megremis, 179 N.C. App. 174, 181, 633 S.E.2d 117, 122 (2006) (alteration in original) (quoting Alvarez v. Alvarez, 134 N.C. App. 321, 323, 517 S.E.2d 420, 422 (1999)).
In order to receive an award of alimony, the party seeking alimony must establish that: "(1) [the] party is a dependent spouse; (2) the other party is a supporting spouse; and (3) an award of alimony would be equitable under all the relevant factors." Barrett v. Barrett, 140 N.C. App. 369, 371, 536 S.E.2d 642, 644 (2000). A "dependent spouse" is "a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1A(2) (2005). A "supporting spouse" is "a spouse, whether husband or wife, upon whom the other spouse is actually substantially dependent for maintenance and support or from whom such other spouse is substantially in need of maintenance and support." N.C. Gen. Stat. § 50-16.1A(5) (2005). This Court has noted that a determination of "dependency" involves two separate tests: "If the trial court determines that one spouse is not actually dependent upon the other, the court must consider the second test set out in [section] 50-16.1A(2) and determine whether one spouse is `substantially in need of maintenance and support' from the other." Rhew v. Rhew, 138 N.C. App. 467, 470, 531 S.E.2d 471, 473 (2000) (emphasis in original). With respect to this second test, our Supreme Court has set forth the following guidelines:
A. The trial court must determine the standard of living, socially and economically, to which the parties as a family unit had become accustomed during the several years prior to their separation.
B. It must also determine the present earnings and prospective earning capacity and any other "condition" (such as health and child custody) of each spouse at the time of hearing.
C. After making these determinations, the trial court must then determine whether the spouse seeking alimony has a demonstrated need for financial contribution from the other spouse in order to maintain the standard of living of the spouse seeking alimony in the manner to which that spouse became accustomed during the last several years prior to separation. This would entail considering what reasonable expenses the party seeking alimony has, bearing in mind the family unit's accustomed standard of living.
D. The financial worth or "estate" of both spouses must also be considered by the trial court in determining which spouse is the dependent spouse. . . .
Williams v. Williams, 299 N.C. 174, 183, 261 S.E.2d 849, 856 (1980) (second emphasis in original).
The trial court's fact-finding duties with respect to an alimony claim are set forth at North Carolina General Statutes, section 50-16.3A(c). Pursuant to this section, "[t]he court shall set forth the reasons for its award or denial of alimony." N.C. Gen. Stat. § 50-16.3A(c) (2005) (emphasis added). "The trial court must at least make findings sufficiently specific to indicate that the trial judge properly considered each of the factors . . . for a determination of an alimony award." Skamarak v. Skamarak, 81 N.C. App. 125, 128, 343 S.E.2d 559, 561 (1986). Therefore, the trial court must make findings of fact with respect to each of the three prongs of dependency set forth in section 50-16.3A(a), to wit: whether "(1) [the] party is a dependent spouse; (2) the other party is a supporting spouse; and (3) an award of alimony would be equitable under all the relevant factors." Barrett, 140 N.C. App. at 371, 536 S.E.2d at 644. The trial court also must "make a specific finding of fact on each of the factors in subsection (b) of this section if evidence is offered on that factor." N.C. Gen. Stat. § 50-16.3A(c) (2005).
In referring to section 50-16.3A(c), this Court has explained that "[t]his provision is mandatory, and it is a vital part of the trial court's order." Vadala v. Vadala, 145 N.C. App. 478, 479, 550 S.E.2d 536, 537 (2001). The trial court's findings of fact are "specific statement[s] of the facts on which the rights of the parties are to be determined, and those findings must be sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment." Quick v. Quick, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982).
In the absence of such findings, appellate courts cannot appropriately determine whether the order of the trial court is adequately supported by competent evidence, and therefore such an order must be vacated and the case remanded for necessary findings. It is not enough that there is evidence in the record from which such findings could have been made because it is for the trial court, and not this court, to determine what facts are established by the evidence.
Talent v. Talent, 76 N.C. App. 545, 548.49, 334 S.E.2d 256, 259 (1985) (internal citation omitted), superseded on other grounds by statute as recognized in Rhew, 138 N.C. App. at 470, 531 S.E.2d at 473.
In the case sub judice, plaintiff contended in her amended complaint that if the trial court found that the post-nuptial agreement did not govern alimony, then the court should award plaintiff permanent alimony because she was a dependent spouse and because of the following factors: (1) marital misconduct by defendant; (2) defendant's greater earning capacity; (3) the parties' established, comfortable standard of living during the marriage; (4) defendant's income exceeding plaintiff's; (5) the tax ramifications of an alimony award to plaintiff; and (6) any other factors the trial court deemed just and proper. The trial court, however, made no determination  either in the course of the hearing or in the written order  on the threshold issue of whether plaintiff was or was not a dependent spouse. As a result, this Court cannot be certain whether the trial court denied alimony because it determined that (1) plaintiff was not dependent or (2) alimony would not have been equitable after considering the relevant factors listed in section 50-16.3A(b). This Court, therefore, is unable to determine whether the trial court's order, denying plaintiff alimony, was correct pursuant to section 50-16.3A. Accordingly, the portion of the trial court's order denying alimony must be vacated and remanded. See Rhew, 138 N.C. App. at 472, 531 S.E.2d at 475; Talent, 76 N.C. App. at 551, 334 S.E.2d at 260. "On remand, the court in its discretion may receive additional evidence or enter a new order on the basis of evidence already received." Rhew, 138 N.C. App. at 472, 531 S.E.2d at 475.
Plaintiff next contends the trial court erred in interpreting the post-nuptial agreement when it failed to properly classify, value, and distribute the parties' marital, separate, and divisible property. We disagree.
Preliminarily, we note that although plaintiff argues that the trial court failed to determine which property was "divisible property," the post-nuptial agreement defines property as either separate or marital; there is no provision in the contract for "divisible property." The concept of divisible property arises in the context of equitable distribution, see N.C. Gen. Stat. § 50-20(b)(4) (2005) (defining divisible property), but plaintiff has not contended on appeal that the trial court erred in concluding that "[t]he Post-Marital Agreement operates as a bar to Plaintiff's claim for equitable distribution." Accordingly, the issue of divisible property is not properly before this Court.
With respect to separate and marital property, plaintiff has failed to identify any specific property that the trial court allegedly failed to classify, value, and distribute in accordance with the terms of the post-nuptial agreement. "As our Supreme Court has stressed, `[i]t is not the role of the appellate courts . . . to create an appeal for an appellant.'" Citizens Addressing Reassignment & Educ., Inc. v. Wake County Bd. of Educ., ___ N.C. App. ___, ___, 641 S.E.2d 824, 828 (2007) (alterations in original) (quoting Viar v. N.C. Dep't of Transp., 359 N.C. 400, 402, 610 S.E.2d 360, 361 (per curiam), reh'g denied, 359 N.C. 643, 617 S.E.2d 662 (2005)).
Plaintiff and defendant, through the post-nuptial agreement, expressly "provided . . . for distribution upon separation or divorce of their separate property," contracting that "upon separation or divorce, [defendant] shall transfer to [plaintiff] an amount of money and assets not less than one-half of his total assets, whether here to fore [sic] denominated as his sole property, marital property or otherwise." (Emphasis added). The parties agreed on the classification and valuation of the parties' assets and presented to the trial court an "equitable distribution spreadsheet." In its order, the trial court, in finding of fact number 12, listed defendant's assets as detailed on the spreadsheet. Although plaintiff correctly notes that the trial court stated that defendant was "in possession of" certain assets, it is clear that the trial court properly classified defendant's "total assets" pursuant to the post-nuptial agreement, whether those assets heretofore had been "denominated as his sole property, marital property or otherwise." This is further evidenced in conclusion of law number 13, in which the trial court ruled that (1) "assets" as used in the post-nuptial agreement meant defendant's "total assets," as opposed to defendant's "net assets"; and (2) "[d]efendant is under an obligation to transfer to [p]laintiff an amount of money and assets not less than one-half of the total value of the assets" listed in finding of fact number 12  i.e., those assets of which the court found defendant in possession. Plaintiff has not assigned error to this conclusion of law and therefore has waived the right to challenge that the conclusion is unsupported by the facts. See Dodson v. Dodson, ___ N.C. App. ___, ___, 647 S.E.2d 638, 640 (2007). The trial court, therefore, properly classified, valued, and distributed the parties' property in accordance with the post-nuptial agreement, and accordingly, plaintiff's assignment of error is overruled.
In her final argument, plaintiff contends the trial court erred by failing to award her costs and attorneys' fees.
Pursuant to North Carolina General Statutes, section 50-16.4, "[a]t any time that a dependent spouse would be entitled to alimony . . . or post separation support . . ., the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse . . . ." N.C. Gen. Stat. . 50-16.4 (2005). As our Supreme Court has explained,
[t]he clear and unambiguous language of the statutes under consideration provide as prerequisites for determination of an award of counsel fees the following: (1) the spouse is entitled to the relief demanded; (2) the spouse is a dependent spouse; and (3) the dependent spouse has not sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof.
Rickert v. Rickert, 282 N.C. 373, 378, 193 S.E.2d 79, 82 (1972). "Whether the moving party meets these requirements is a question of law fully reviewable de novo on appeal." Friend-Novorska v. Novorska (Novorska I), 163 N.C. App. 776, 778, 594 S.E.2d 409, 410 (2004). If the moving party meets the requirements stated in Rickert, the trial court's decision whether to award attorney's fees and, if so, how much to award, is reviewable only upon a showing of an abuse of discretion. See Walker v. Walker, 143 N.C. App. 414, 424, 546 S.E.2d 625, 631 (2001).
In the case sub judice, the trial court, as discussed supra, failed to make a finding on the issue of whether plaintiff was or was not a dependent spouse. Because a finding of dependency is a necessary prerequisite for an award of attorneys' fees and because the trial court failed to make findings of fact regarding this issue, we are unable to determine, under a de novo standard of review, whether or not plaintiff met the requirements for an award of attorneys' fees. See Novorska I, 163 N.C. App. at 778, 594 S.E.2d at 410. Therefore, we are unable to determine whether or not the trial court abused its discretion in denying attorneys' fees. Accordingly, the portion of the trial court's order denying plaintiff attorneys' fees is vacated and remanded for additional findings of fact on whether plaintiff is entitled to an award of attorneys' fees. Cf. Friend-Novorska v. Novorska, 143 N.C. App. 387, 397, 545 S.E.2d 788, 795 (remanding for additional findings when the trial court found that the plaintiff was a dependent spouse but failed to "make any findings regarding whether Plaintiff `is without sufficient means to subsist during the prosecution of the suit and to defray the necessary expenses.'"), aff'd, 354 N.C. 564, 556 S.E.2d 294 (2001) (per curiam).
As a final matter, we note that there are several clerical errors in the trial court's order. First, with respect to the expenses paid by defendant from March 2003 to October 2005,[1] finding of fact number 18 provides that defendant expended $61,381.39, whereas finding of fact number 23 provides that defendant expended $61,301.39. Next, finding of fact number 24 provides that defendant is entitled to dollar-for-dollar credits totaling $66,127.50, whereas conclusion of law number 14 lists that figure as $66,636.64. Finally, decretal paragraph number 8 provides that defendant is obliged to transfer to plaintiff $43,621.62, but the findings of fact indicate that the figure should be $43,521.62.[2] Accordingly, we remand this matter for correction of these clerical errors.
Affirmed in Part and Vacated and Remanded In Part.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).
NOTES
[1] The last sentence of finding of fact number 18 also incorrectly lists the date as "March 3, 2005" instead of "March 3, 2003."
[2] In finding of fact number 25 and conclusions of law numbers 14 and 15, the trial court specifies that the total distributional payment owed by defendant to plaintiff after considering the dollar-for-dollar credits is $28,419.62. In finding of fact number 19 and conclusion of law number 16, the trial court provides that defendant must reimburse plaintiff $15,102.00 for a garnishment executed by the State on plaintiff's checking account. The sum of these figures is $43,521.62, not $43,621.62.